```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VITAL FARMS, INC.,                                               :
                                                                 :
                                Petitioner,                      :   MEMORANDUM
                                                                 :   ORDER
        -v-                                                      :
                                                                 :   23-MC-431 (GHW) (JLC)
BRIAN TANZ,                                                      :
                                                                 :
                                                                 :
                                Respondent.                      :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/2023

**JAMES L. COTT, United States Magistrate Judge.**

Petitioner Vital Farms, Inc. ("Vital Farms") has moved for an order compelling respondent Dr. Brian Tanz ("Dr. Tanz") to comply with a subpoena (to testify at a deposition and respond to document requests) in connection with the underlying false advertising litigation of *Usler v. Vital Farms, Inc.,* No. 21-CV-447 (RP), pending in the Western District of Texas (Dkt. No. 1). Vital Farms's application is brought in this District under Rule 45 of the Federal Rules of Civil Procedure because Dr. Tanz is located here. Dr. Tanz has cross-moved to quash the subpoena (Dkt. No. 17). Familiarity with the underlying litigation and with these cross-motions is assumed for purposes of this decision and the Court will not summarize the motion papers here.

The parties have spilled a lot of ink on whether Dr. Tanz should be deposed and produce documents. According to the motion papers, he has reserved January 10, 2024, for his deposition should the Court direct that it proceed. Due to the press of other business (and the holiday season), and the fact that the cross-motions have

1

only been fully submitted since December 13 (providing little time to resolve them), the Court is not able to issue a lengthy decision in resolving the present dispute, but it does not believe one is necessary. For the reasons set forth below, the motion to compel the deposition and production of documents is denied and the cross-motion to quash the subpoena is granted.

As a threshold matter, it appears from the record that discovery in the underlying case in Texas ended on November 3, 2023. Subsequent to the close of discovery, Vital Farms moved on November 9, 2023, in front of the Texas court, for leave to take the non-party deposition of Dr. Tanz, arguing that there is good cause to do so. *See* Respondent's Motion for Protective Order (Dkt. No. 17-3) (Vital Farms' Motion to Extend Discovery); Respondent's Reply Memorandum of Law in Support of Motion for Protective Order ("Reply Mem.") (Dkt. No. 25), at 2-3 & Ex. 1 (Dkt. No. 25-1). In deference to the Texas court, which should have the first say in whether this non-party deposition should go forward notwithstanding the close of discovery (and given its familiarity with the case), I decline to direct that it occur absent an order from the Texas court.

Even if the Texas court were to otherwise allow the deposition to go forward as a procedural matter, I would not grant the requested motion to compel the deposition and the production of documents. It is well-established that a motion to compel is "left to the court's sound discretion." *Sticky Fingers Restaurants, LLC v. Sticky's Holdings,* No. 22-CV-5606 (JPC) (JLC), 2023 WL 7401492, at *1 (S.D.N.Y. Nov. 9, 2023) (citations omitted). Moreover, "[a] district court has broad latitude to

2

determine the scope of discovery and to manage the discovery process." *Id.* (citations omitted). This is true as well when it comes to determining whether to enforce or quash a subpoena. *See, e.g., AP Links, LLC v. Russ,* 299 F.R.D. 7, 11 (E.D.N.Y. 2014) (citations omitted).

It is also well-settled that "[p]roduction sought in a subpoena served in conjunction with discovery must fall within the proper scope of discovery under Rule 26(b)(1)." *Berkelhammer v. Voya Institutional Plan Services, LLC*, No. 22-MC-99 (MEG), 2023 WL 5042526, at *2 (D. Conn. Aug. 8, 2023) (citing *Citizens Union of New York v. AG of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017)). When a party like Vital Farms moves to compel, it bears the initial burden to show the relevance of the information that it seeks. *Id.* (citations omitted). Rule 45 "is more restrictive than Rule 26 because it protects the subpoena recipient from an 'undue burden.'" *Id.* (quoting Fed. R. Civ. P. 45(d)(1)). In determining whether a subpoena's burden is "undue," courts evaluate "the burden to the subpoenaed party against the value of the information to the serving party by considering factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (cleaned up).

Here, Vital Farms has failed to persuade the Court that the non-party discovery it seeks is necessary, given that it has already deposed the prospective class action plaintiffs in the underlying litigation. It is already acknowledged in the record that Dr. Tanz encouraged certain individuals, including some of the plaintiffs, to

3

contact the attorney representing the class if they wished to participate in the lawsuit. Vital Farms has that information from the plaintiffs themselves (and from Dr. Tanz in the declaration he submitted with his motion papers here (Dkt. No. 17-6)). Obtaining it from Dr. Tanz at a deposition would therefore be duplicative. Additionally, Vital Farms has not established how Dr. Tanz's deposition testimony would aid in the Texas court's analysis of whether class certification should be approved. There is nothing in the record to suggest that Dr. Tanz would have meaningful testimony relevant to, *inter alia*, the issues of numerosity, commonality, typicality, or superiority.

As for Vital Farms' document requests, they are overbroad. Pursuant to the subpoena (Dkt. No. 5-7), Dr. Tanz is required to provide "all communications" with all Texas class action plaintiffs in the underlying action, "all communications and documents" relating to Vital Farms, and "all communications" with counsel for plaintiffs in the underlying action. Blanket requests of this kind are plainly overbroad and impermissible. *See, e.g., Henry v. Morgan's Hotel Group, Inc.,* No. 15-CV-1789 (ER) (JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (citing, *inter alia, Gropper v. David Ellis Real Estate, L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad")).[1]

---

[1] Despite the Court's directive that the parties meet and confer to narrow the issues, *see* Order dated November 20, 2023 (Dkt. No. 14), they apparently never discussed (much less agreed to) limiting the documents sought or the issuance of a revised subpoena with a narrower scope of requests.

As Dr. Tanz correctly observes, courts are especially solicitous of non-parties in ensuring they are not subject to unfair burdens. *See* Reply Mem. at 8 (citing *In re Novartis & Par Antitrust Litig.*, No. 18-CV-4361 (AKH), 2020 WL 3317203, at *5 (S.D.N.Y. June 18, 2020)) ("Courts 'give special weight to the burden on non-parties of producing documents to parties involved in litigation.'") (citation omitted). Here, any probative value of the information that Vital Farms seeks is outweighed by the burden of production on Dr. Tanz.[2]

---

[2] Notably, Vital Farms mistakenly invokes the "reasonably calculated to lead to the discovery of admissible evidence" standard of the prior version of Rule 26(b)(1) of the Federal Rules of Civil Procedure in its motion papers to justify the relief it seeks. *See* Vital Farms Memorandum of Law (Dkt. No. 4), at 10 (citing *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011)). But Rule 26 was amended in 2015 and this language, long relied on by counsel to seek wide-ranging discovery (as here), has been eliminated. The amended Rule is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry*, 2016 WL 303114, at *3 (cleaned up). Proportionality is yet another basis for denying the relief that Vital Farms seeks in its motion.

The Clerk is directed to mark Vital Farms' motion to compel at Docket No. 1 as "denied" and Dr. Tanz's motion to quash at Docket No. 17 as "granted."[3]

**SO ORDERED**.

Dated: December 19, 2023
    New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[3] Because there is no prejudice to Vital Farms, the fact that Dr. Tanz delayed in filing his motion to quash is of no consequence here.  *See, e.g., In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022) (discussing timeliness of motion to quash) (citing cases).